IN THE SUPREME COURT OF THE STATE OF DELAWARE

TAHLAL WAL-IKRAM, formerly §
known as ROBERT POTTS, §
 § No. 360, 2024
 §
Defendant Below, §
Appellant, § Court Below—Superior Court
 § of the State of Delaware
v. §
 § Cr. ID No. 1709011232 (N)
STATE OF DELAWARE, §
 §
Appellee. §

Submitted: September 24, 2024
Decided: November 12, 2024

Before **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Tahlal Wal-Ikram,[1] filed this appeal from a Superior Court order denying his motions for sentence correction and sentence modification. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wal-Ikram's opening brief that the appeal is without merit.  We agree and affirm.

---

[1] The appellant, formerly known as Robert Potts, legally changed his name to Tahlal Wal-Ikram. We have included the appellant's former name in the caption for consistency with the Superior Court records.  Like the Superior Court, we refer to him in this order by his current name.

(2)　On September 16, 2017, police stopped Wal-Ikram for a vehicle equipment violation and arrested him after discovering that he possessed a gun and drugs. On June 7, 2018, a jury found Wal-Ikram guilty of multiple crimes, including possession of a firearm by a person prohibited ("PFBPP"). For PFBPP, the Superior Court sentenced Wal-Ikram, effective September 16, 2017, to fifteen years of Level V incarceration, suspended after five years for decreasing levels of supervision. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3)　In August 2022, Wal-Ikram filed a motion for correction of sentence. He filed a motion for modification of sentence in September. The Superior Court stayed those motions pending resolution of Wal-Ikram's pending motion for postconviction relief under Superior Court Criminal Rule 61. Following the Superior Court's denial of Wal-Ikram's Rule 61 motion in August 2023, the Superior Court lifted the stay on Wal-Ikram's motions for correction and modification of sentence. The State filed its opposition to the motions, and Wal-Ikram filed his reply. The Superior Court stayed the matter again while Wal-Ikram's appeal of the denial of his Rule 61 motion was pending in this Court. This Court affirmed the Superior Court's denial of that motion on March 20, 2024.[3]

---

[2] *Potts v. State*, 2019 WL 7369199 (Del. Dec. 30, 2019).
[3] *Wal-Ikram*, 2024 WL 1209221 (Del. Mar. 20, 2024).

(4)     On July 31, 2024, the Superior Court denied Wal-Ikram's motions for correction and modification of sentence.  The Superior Court held that the five-year minimum sentence for Wal-Ikram's PFBPP conviction under 11 *Del. C.* § 1448(e)(1)(b) was not illegal.  The Superior Court concluded that the motion for sentence modification was untimely, repetitive, and without merit.  This appeal followed.

(5)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[4]  To the extent a claim involves a question of law, we review the claim *de novo*.[5]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(6)     In his opening brief on appeal, Wal-Ikram argues that the Superior Court erred in denying his motion for correction of illegal sentence because his June 2007 conviction for possession with intent to deliver ("PWITD") did not meet the requirements of Section 1448(e)(1)(b) for imposition of a five-year minimum Level V sentence.  He does not challenge the Superior Court's denial of his motion for

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

sentence modification so we do not consider the denial of that motion.[7] We find no merit to Wal-Ikram's argument that his PFBPP sentence is illegal.

(7) When Wal-Ikram committed PFBPP, Section 1448(e)(1)(b) provided that:

> [A]ny person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of…[f]ive years at Level V, if the person does so within 10 years of the date of conviction for any violent felony *or* the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, *whichever is the later date*.[8]

On June 8, 2007, Wal-Ikram pleaded guilty to PWITD, a violent felony under Section 4201(c), in Cr. ID No. 0612016556. That same day the Superior Court sentenced Wal-Ikram, effective December 20, 2006, to eight years of Level V incarceration, suspended after time served for one year of Level III probation. On December 19, 2007, the Superior Court found that Wal-Ikram had violated his probation in Cr. ID No. 0612016556 and sentenced him, effective November 30, 2007, to seven years of Level V incarceration, suspended after sixty days and then discharged.

---

[7] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in an opening brief generally constitutes a waiver of that issue on appeal).

[8] 11 *Del. C.* § 1448(e)(1)(b) (emphasis added).

4

(8)    As the Superior Court correctly found, "all periods of incarceration or confinement" imposed for Wal-Ikram's June 8, 2007 PWITD conviction did not terminate until he completed the sixty-day Level V VOP sentence imposed on December 19, 2007.[9]  Because Wal-Ikram's commission of PFBPP on September 16, 2017 fell within ten years of the termination of "all periods of incarceration or confinement" for his 2007 PWITD conviction, the five-year minimum Level V sentence for his PFBPP conviction is not illegal.[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] 11 *Del. C.* § 1448(e)(1)(b).
[10] *Id.*